# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MANFREDIS ALVARENGA     *
3701 H Street, NW     *
Washington, DC 20011     *
    *
*On Behalf of Himself and*     *
*All Others Similarly Situated*     *
    *
    PLAINTIFF     *
    *
    v.     *
    *     Case Number:
PHO DC, INC.     *
608 H Street, NW     *
Washington, D.C. 20001     *
    *
    SERVE: Brian X. Lin     *
    1310 9th Street, NW     *
    Washington, DC 2001     *
    *
    DEFENDANT.     *

*********************************************************************

## COLLECTIVE ACTION COMPLAINT

Plaintiff Manfredis Alvarenga ("Plaintiff"), by and through his undersigned counsel, on behalf of himself and all others similarly situated, hereby submits his Collective Action Complaint against Defendant Pho DC, Inc. ("Defendant") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and for unpaid overtime wages and damages under the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA") as set forth below.

## PARTIES AND JURISDICTION

1.      Plaintiff is an adult resident of the District of Columbia.  By acting as the named Plaintiff in this action, Plaintiff affirms his consent to be a Plaintiff in a collective action under the FLSA and DCMWA.

2.      Defendant is a corporation formed under the laws of the District of Columbia with its principal place of business in the District of Columbia.

3.      At all times relevant to this action, Defendant has been in the business of operating a restaurant in Washington, DC.

4.      At all times relevant to this litigation, Defendant was Plaintiff's "employer" for purposes of the FLSA and DCMWA.

5.      During Plaintiff's employment, Defendant was engaged in commerce or in the production of goods for commerce (primarily as a result of selling food and beverage products that originated out of the District of Columbia) within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

6.      At all times relevant, Defendant had gross revenues of at least $500,000.00 and otherwise qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

7.      At all times relevant, Plaintiff was an individual employee engaged in commerce or the production of goods for commerce (primarily as a result of working with and handling food products that originated out of the District of Columbia) as required by 29 U.S.C. §§ 206-207.

8.      This Court has jurisdiction over Defendant pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 (Federal Question). Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

9.      Plaintiff was employed by Defendant as a kitchen staff member from approximately November 10, 2012 through about January 21, 2014 (about 63 weeks)

10.     During his term of employment, Plaintiff's exact hours worked varied from week to week.

11.     While in Defendant's employ, Plaintiff regularly worked more than forty (40) hours per week.

12.     While in Defendant's employ, Plaintiff regularly worked more than fifty (50) hours per week.

13.     While in Defendant's employ, Plaintiff regularly worked more than sixty (60) hours per week.

14.     At all times, Defendant had knowledge of all hours Plaintiff worked and alleges herein to have worked.

15.     At all times, Defendant instructed and required Plaintiff to work overtime hours in excess of forty (40) per week.

16.     At all times during Plaintiff's employment, Defendant paid Plaintiff a flat weekly salary in average amount of about four hundred twenty-five dollars ($425.00) per week.

3

17.     Plaintiff's weekly salary was never based upon the amount of hours Plaintiff worked per week.

18.     The maximum-hours provision of the FLSA and DCMWA require employers to pay any employee who is covered by the Act "not less than one and one-half times the *regular rate* at which he is employed" for all hours worked in excess of forty in a week. 29 U.S.C. § 207(a)(1) (emphasis supplied).

19.     According to Department of Labor regulations and Supreme Court precedent, the "regular rate" of pay for FLSA purposes is an "actual fact" that "must be drawn from what happens under the employment contract," rather than from any agreement between the employer and employee. 29 C.F.R. § 778.108. "Once the parties have decided upon the amount of wages and the mode of payment[,] the determination of the regular rate becomes a matter of mathematical computation, the result of which is unaffected by any designation of a contrary, 'regular rate' in [a] wage contract [ ]." *Walling v. Youngerman-Reynolds Hardwood Co.,* 325 U.S. 419, 424-25 (1945).

20.     Where there is a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, rather than for working 40 hours or some other fixed weekly work period, such a salary arrangement is permitted by the Act *if* the amount of the salary is sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage rate for every hour worked in those workweeks in which the number of hours he works is greatest, *and if* he receives extra compensation, in addition to such salary, for all overtime hours worked at a rate not less than one-half his regular rate of pay. *Hunter v. Sprint Corp.,* 453 F.Supp.2d 44, 58 (D.D.C. 2006).

21.    At no time during the period of Plaintiff's employment did Plaintiff and Defendant reach, or even engage in any discussions relating to, a clear and mutual understanding that Plaintiff's salary was intended to compensate Plaintiff at a regular non-overtime rate of pay for hours worked each week less than forty (40) and at a different overtime rate of one-and-one-half (1½) times Plaintiff's rate of pay for hours worked each week in excess of forty (40).

22.    At no time during the period of Plaintiff's employment did Defendant ever, in addition to Plaintiff's flat salary, pay extra wages to Plaintiff for overtime hours worked in excess of forty (40) at a rate not less than one-half Plaintiff's regular rate of pay.

23.    In legal truth, Defendant paid Plaintiff his flat salary for only non-overtime hours worked each week (those less than forty (40)) and paid Plaintiff no wages at all for hours worked each week in excess of forty (40).

24.    Defendant should have paid Plaintiff at the rate of one-and-one-half (1½) times Plaintiff's regular rate of pay for all hours worked each week in excess of forty (40).

25.    At no time during Plaintiff's employment did Plaintiff perform work duties that would make Plaintiff exempt from the overtime requirement of the FLSA or DCMWA.

26.    For the entire period of Plaintiff's employment, Plaintiff is owed unpaid overtime wages in the amount of approximately $25,121.25 (($425.00 per week / 40 hours per week = $10.63 paid per non-overtime hour * 1.5 = $15.95 owed per overtime hour owed * about 25 overtime hours per week = $398.75 owed per week * about 63

weeks = about $25,121.25).

27.     An employer who violates the FLSA and DCMWA overtime provisions are ordinarily "liable to the employee or employees affected in the amount of their unpaid minimum wages ... and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

28.     The award of liquidated damages is mandatory unless "the employer shows to the satisfaction of the court that the act or omission giving rise [to the FLSA action] was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." 29 U.S.C. § 260.

29.     The good faith defense to liquidated damages requires "an affirmative showing of a genuine attempt to ascertain what the law requires," not simply the absence of bad faith. *Danesh v. Rite Aid Corp.*, 39 F.Supp.2d 7, 13 (D.D.C.1999) (citation omitted).

30.     Here, Defendant's failure to pay Plaintiff wages as required by Federal Law and District of Columbia law was not the product of good faith and Defendant had no reasonable grounds for believing their failure to pay Plaintiff overtime compensation at the legal rate was in compliance with Federal or District of Columbia law.

31.     Defendant cannot meet its burden of an affirmative showing to avoid the imposition of liquidated damages. As such, in addition to their unpaid overtime wages, Plaintiff is entitled to liquidated damages in an equal amount.

32.     The FLSA and DCMWA are "fee shifting" statutes, directing an award of payment of attorney's fees and costs by Defendant to Plaintiff. As such, Plaintiff is entitled to payment, by Defendant, of his attorney's fees and costs.

33.     The FLSA provides that a court "**shall**, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b) (emphasis added).

34.     In contrast to other fee-shifting statutes where the award of attorney's fees and costs is discretionary with the court, an award of attorney's fees to a prevailing plaintiff in a FLSA case is mandatory.  *See Hensley v. Eckerhart*, 461 U.S. 424 (1983).

35.     "[A] reasonable fee is the number of hours reasonably expended on the litigation case multiplied by a reasonable hourly rate." *Hensley,* 461 U.S. at 433.

36.     The product of a reasonable number of hours times a reasonable hourly rate is known as the "lodestar". *Id.* at 434.

37.     In the District of Columbia, reasonable hourly rates are based on the schedule or attorney's fee rates originally adopted by this Court in *Laffey v. American Airlines, Inc.,* 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021 (1985), commonly referred to as the "*Laffey* Matrix."

38.     In addition to unpaid wages and liquidated damages in an equal amount, Plaintiff is entitled to payment, by Defendant, of his attorney's fees and costs, using the "lodestar method" and applying the "*Laffey* Matrix."

39.     Plaintiff is aware that many of these similarly situated individuals are aware of their overtime rights but have not asserted these rights under Federal and District of Columbia law because they are afraid of retaliation and/or loss of their employment with Defendant if they act to assert their rights.

## OTHER PUTATIVE PLAINTIFFS

40.     Plaintiff is aware of the existence of about twelve (12) or more current and former kitchen employees of Defendant who are similarly situated to Plaintiff.

41.     Each of the similarly situated employees and Plaintiff were paid as salaried employees.

42.     Each of the similarly situated employees and Plaintiff were subject to Defendant's common and company-wide unlawful pay scheme of not paying wages to non-exempt employees at the rate of one-and-one-half (1½) times their regular rate of pay for overtime hours worked per week in excess of forty (40).

43.     Each of the similarly situated employees and Plaintiff worked more than forty (40) hours per week while in Defendant's employ.

44.     Each of the similarly situated employees and Plaintiff are owed unpaid overtime wages and statutory damages under the FLSA and DCMWA.

45.     Defendant has, in its possession, identifiers and contact information for each similarly situated employee.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act

46.     Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-45 above, as if each were set forth herein.

47.     Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

48.     Plaintiff was an "employee" of Defendant covered by the FLSA, 29 U.S.C. § 207(a)(1), and Defendant was Plaintiff's "employer" under § 207(a)(2).

49.     Defendant, as Plaintiff's employer, was obligated to compensate Plaintiff for overtime hours worked at the FLSA required overtime rate.

50.     As set forth above, Plaintiff, and others similarly situated, worked overtime hours in excess of forty (40) on a regular basis.

51.     Defendant, however, failed to pay Plaintiff, and others similarly situated, as required by the FLSA for overtime hours worked.

52.     Defendant's failure and refusal to pay Plaintiff and others similarly situated overtime compensation as required by the FLSA and endeavors to pay Plaintiff a salary so as to hide that Plaintiff was not paid for overtime hours as required by the FLSA evinces a willful and intentional violation of Plaintiff's FLSA rights and the rights of other similarly situated individuals.

WHEREFORE, Defendant is liable to Plaintiff (and all other similarly situated individuals who have joined in this suit) under Count I for unpaid overtime wages in such an amount to be proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Overtime)

53.     Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-52 above, as if each were set forth herein.

54.     Plaintiff was Defendant's "employee," and Defendant was Plaintiff's "employer" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq*.

55.     Under the DCMWA, Defendant, as Plaintiff's employer, was obligated to pay Plaintiff, and other similarly situated individuals, overtime wages at the rate of one and one half (1½) times their regular rate of pay for work performed beyond forty (40) hours in any given workweek.

56.     As set forth above, Plaintiff, and others similarly situated, worked over forty (40) hours per week on a regular basis.

57.     As set forth above, for overtime hours worked by Plaintiff and other similarly situated individuals, Defendant failed and refused to pay Plaintiff, and others similarly situated, overtime pay at the rate of one-and-one-half (1½) times their regular rate of pay as required under the DCMWA.

58.     Defendant's failure and refusal to pay overtime wages due as required by the DCMWA was willful and intentional, was not the result of any *bona fide* dispute between Plaintiff and Defendant, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff (and all others similarly situated who have joined in this suit), under Count II, for all unpaid wages in such an amount to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Gregg C. Greenberg
DC Federal Bar No. MD17291
Zipin, Amster & Greenberg, LLC
836 Bonifant Street
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiff*